UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BUTLER,

    Plaintiff,

v.                                         Case No. 06-14262

PRODUCT ACTION INTERNATIONAL,    Honorable Patrick J. Duggan
L.L.C. d/b/a PRODUCT ACTION
QUALITY SERVICES, L.L.C. and
MYRISA BONNER,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND DEFENSES

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 14, 2007.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On September 27, 2006, Keith Butler ("Plaintiff") filed this lawsuit alleging various federal and state employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*, along with a defamation claim against Product Action International, L.L.C. and Myrisa Bonner (collectively "Defendants"). Defendants filed an answer, which included affirmative defenses, on November 3, 2006. Presently before this Court is Defendants' Motion for Leave to Amend Answer and Defenses. On April 12,

2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendants' motion. *See* E.D. Mich. LR 7.1(e)(2).

In their motion, Defendants cite Rule 15(a) of the Federal Rules of Civil Procedure. Where, as here, a responsive pleading has been filed, Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend a pleading, however, should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Defendants received Plaintiff's responses to Defendant's First Request for Production and First Set of Interrogatories in February 2007. According to Defendants, contrary to statements Plaintiff made on his employment application, Plaintiff's responses indicated that he pled guilty to a crime prior to completing his employment application. Defendants now seek to amend their answer to include the affirmative defense of after-acquired evidence.

Plaintiff initially contends that he did not make a misrepresentation on his employment application because pleading guilty to a crime is not synonymous with being convicted. In addition, Plaintiff argues that "[t]he alleged misconduct in this case, either in terms of the Plaintiff's answer to the question on the application form, or of the underlying criminal pleas from many years before, falls far short of the severe wrongdoing contemplated by the cases Defendants cite." (Rep. Br. at 3).

Defendants cite *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 115 S. Ct. 879 (1995), which held that "[w]here an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* at 363, 115 S. Ct. at 886-87. "As a general rule, under the after-acquired evidence doctrine the employee is barred from obtaining front pay and reinstatement, and backpay is limited." *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1168 (6th Cir. 1996)(citing *McKennon*, 513 U.S. at 361-62, 115 S. Ct. at 886).

Although Plaintiff contends that his alleged misconduct does not rise to the level of severity required by *McKennon*, this Court does not believe that Defendants should be precluded from amending their answer to assert the affirmative defense of after-acquired evidence. Whether Defendants can "rely" on this defense will be decided by this Court if necessary. Furthermore, contrary to Plaintiff's contention, pleading guilty to a criminal offense results in a conviction. *See* MICH. COMP. LAWS § 763.2.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion for Leave to Amend Answer and Defenses is **GRANTED**.

                                  s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:
Christopher J. Trainor, Esq.
Thomas W. Stephens, Esq.
Brian M. Ziff, Esq.